UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

In Re:

U.S. ENERGY SYSTEMS, INC., et al.,                    12 Civ. 7107

               Debtors.                                OPINION

-----------------------------------------X

ILLINOIS DEPARTMENT OF REVENUE,

               Appellant,

   -against-

U.S. ENERGY BIOGAS CORP., et al.,

               Appellees.

-----------------------------------------X

USDC SD...
DOCUM...
ELECTR...
DOC #: ____
DATE FIL... 9-16-13

        Attorneys for Appellant
        Illinois Department of Revenue

        LISA MADIGAN
        ATTORNEY GENERAL, STATE OF ILLINOIS
        Revenue Litigation Bureau
        100 W. Randolph Street
        Chicago, IL  60601
        By:  Assistant Attorney General James D. Newbold

        Attorneys for Appellees
        U.S. Energy Biogas Corp.

        HUNTON & WILLIAMS LLP
        200 Park Avenue, 53rd Floor
        New York, NY 10166
        By:  Peter S. Partee, Esq.
             Robert A. Reich, Esq.

**Sweet, D.J.**

The Illinois Department of Revenue ("IDOR") has appealed from (1) an order (the "Dismissal Order") entered on May 18, 2012 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dismissing the chapter 11 cases of U.S. Energy Biogas Corp. ("USEB") and its subsidiaries, Biogas Financial Corp., Power Generation (Suffolk), Inc., Resources Generating Systems, Inc., Suffolk Biogas, Inc., USEB Assignee, LLC, ZFC Energy , Inc., ZMG Inc., and Oceanside Energy, Inc. (collectively with USEB, the "USEB Debtors" or "Appellees"); and (2) an order entered on August 6, 2012 (the "August 6 Order") by the Bankruptcy Court denying (i) IDOR's motion under Fed. R. Bankr. P. 9023 to alter or amend the Bankruptcy Court's dismissal order (the "Rule 59 Motion"), and (ii) IDOR's motion under Fed. R. Bankr. P. 9024 to grant relief from the Bankruptcy Court's order setting an administrative bar date (the "Rule 60(b) Motion"). Upon the conclusions set forth below, the Dismissal Order and the August 6 Order are affirmed, and the appeal is dismissed.

1

**Prior History**

The instant appeal arises from chapter 11 liquidation petitions that were filed with the Bankruptcy Court by the Appellees.  In these chapter 11 cases, the USEB Debtors sold substantially all of their assets in return for the assumption of certain ordinary course liabilities and a small pot of cash calculated to pay for accrued and ongoing administrative expenses in their cases and in the bankruptcy case of U.S. Energy Systems, Inc. ("USEY", and together with the USEB Debtors, the "Debtors"), the USEB Debtors' ultimate corporate parent.

During the pendency of the USEB Debtors' chapter 11 cases, IDOR made repeated requests for USEB to file Illinois tax returns for certain pre-petition years as well as for the post-petition year of 2009.  Bankr. Dkt. 1218.[1]  On December 20, 2010, USEB filed objections to the pre-petition claims filed by IDOR, and a hearing on the matter was set for February 9, 2011.  Id. 979.  IDOR in turn filed a motion asking the Bankruptcy Court to continue the proceeding until USEB had filed the requested tax

_____

[1] All citations to "Bankr. Dkt. ____" reference entries in the docket of In re U.S. Energy Systems, Inc., et al., No. 08-10054 (RDD) (Bankr. S.D.N.Y.).

returns and IDOR had an opportunity to review those returns and
determine whether a tax liability existed, and if so, in what
amount.  Id. 1001.


     In the interim, on January 24, 2011, the USEB Debtors
filed a motion asking the Bankruptcy Court to set a bar date for
the filing of requests for payment of certain administrative
expenses with a hearing date of February 3, 2011 (the "Bar Date
Motion").  Id. 995, 996.  The Bar Date Motion sought to make the
administrative bar date applicable to all governmental
authorities, including taxing authorities.  Id.  The Bar Date
Motion was not served upon IDOR.  Id. 1000.


     The Bankruptcy Court granted the Bar Date Motion, and
on February 16, 2011, entered an order (the "Bar Date Order")
setting a date of March 25, 2011 the as the deadline by which
administrative claimants were required to file requests for
payment of administrative expenses (the "Bar Date").  Id. 1029.
On February 17, 2011, the day after the Bar Date Order was
issued, notice of the establishment of the Bar Date was sent to
IDOR.  Id. 1030, 1034.  However, IDOR did not file a request for
payment of an administrative expense.

3

The hearing on USEB's objections to IDOR's claims and
IDOR's counter-motion to compel filing of tax returns, which was
initially scheduled for February 9, 2011, was continued over the
course of several months as the parties engaged in negotiations.
Bankr. Dkt. 1218.  When negotiations broke down in late 2011,
IDOR demanded that USEB file its 2009 Illinois income tax
return.  Id.  On February 4, 2012, USEB complied, filing a 2009
return which showed zero tax due.  Id.  IDOR subsequently
advised USEB that its 2009 return had been selected for audit,
and the audit was scheduled for May 26 – June 8, 2012.  Bankr.
Dkt. 1227.

Before the audit occurred, the USEB Debtors filed a
motion to dismiss their bankruptcy cases.  Bankr. Dkt. 1214.  In
the supporting papers, the USEB Debtors disclosed that all
available funds had been distributed, and contended that (i)
there was no tax liability on the merits, and (ii) that
regardless of whether liability existed, any claim by IDOR was
barred because IDOR had not filed an administrative expense
claim prior to the Administrative Bar Date.  Id.  IDOR opposed
the motion and argued, *inter alia*, that the Bankruptcy Court was
precluded by 11 U.S.C. § 503(b)(1)(D) from setting an
administrative bar date that was applicable to a taxing agency.

4

A hearing on the dismissal motion was held on May 4, 2012.  At the hearing, the Bankruptcy Court found that because IDOR had not filed a timely administrative claim, and because there were no assets remaining in the USEB Debtors' estates, it was appropriate to enter an order dismissing the bankruptcy cases.  Tr. 5/4/12 at 14.[2]  However, the Bankruptcy Court retained limited jurisdiction over the cases to allow IDOR to seek an allowance of its tax claim by bringing a motion under Bankruptcy Rule 9006 asserting excusable neglect, or a motion for relief under Bankruptcy Rule 9024.  Id. at 14-15.  On May 18, 2012, the Bankruptcy Court entered the Dismissal Order dismissing the chapter 11 cases.

On June 1, 2012, IDOR filed (i) the Rule 60(b) Motion seeking relief from the Bar Date Order on the basis that the order was void, Bankr. Dkt. 1228, and (ii) the Rule 59 Motion asking the Bankruptcy Court to reconsider its dismissal order and convert the USEB Debtors' cases to cases under Chapter 7 of the Bankruptcy Code.  Bankr. Dkt. 1227.

---

[2] All citations to "Tr. _____ at ____" reference page numbers of the transcript of a hearing conducted by the Bankruptcy Court on the identified date.

5

Prior to the hearing on the Rule 59 and Rule 60(b) motions, IDOR completed its audit of USEB's 2009 Illinois tax return, and filed a notice of deficiency proposing to assess total liability of $7.165 million.  Bankr. Dkt. 1240.

On July 17, 2012, the Bankruptcy Court conducted a hearing on the Rule 59 and Rule 60(b) motions and denied both, ruling, *inter alia*, that (i) it could appropriately enter an administrative bar date order applicable to administrative tax claimants; (ii) IDOR was not entitled to receive prior notice of the Administrative Bar Date Motion; and (iii) IDOR's Rule 60(b) Motion could only be considered as having asserted an alleged legal error, and therefore was not timely under the applicable one-year statute of limitations.  Tr. 7/17 at 23-24, 29-30.  The Bankruptcy Court also denied the Rule 59 Motion as moot.  Bankr. Dkt. 1242.  On August 6, 2012, the Bankruptcy Court entered the August 6 Order denying IDOR's Rule 59 and Rule 60(b) motions. Id.

On August 20, 2012, IDOR appealed the Dismissal Order and the August 6 Order.  The appeal was heard and marked fully submitted on March 21, 2013.

**Standard of Review**

A district court reviews a bankruptcy court's findings of fact for clear error.  In re Karta Corp., 342 B.R. 45, 51 (S.D.N.Y. 2006).  A finding of fact is clearly erroneous if, after reviewing the entirety of the evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

In contrast, a district court applies de novo review to a bankruptcy court's conclusions of law.  In re Gucci, 126 F.3d 380, 390 (S.D.N.Y. 1997).  Accordingly, a bankruptcy court's interpretation of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local bankruptcy rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") are subject to de novo review. See In re Caldor Corp., 303 F.3d 161, 166 (2d Cir. 2002).

A district court reviews matters within a bankruptcy court's discretion under an abuse of discretion standard. In re Crysen/Montenay Energy Co., 166 B.R. 546, 549-50 (S.D.N.Y. 1994)

7

(internal citations omitted).  "The standard to be applied is
thus, 'not what this Court would have done under the same
circumstances, but whether, in light of the record as a whole,
the bankruptcy court's decision was reasonable.'"  Id. at 550
(quoting In re United Merchants and Mfrs., Inc., 126 B.R. 149,
150 (S.D.N.Y. 1991)).

        In addition, "[a]n appeal from the denial of a motion
for relief under Rule 60(b) brings up only the denial of the
motion and not the [merits of the underlying] judgment itself."
Rosendale v. Iuliano, 67 Fed. Appx. 10, 12 (2d Cir. 2003)
(alteration in original).  Courts reviewing an appeal of a
denial of a Rule 60(b) motion should bear in mind that, in the
interest of providing finality to litigating parties, "final
judgments should not be lightly reopened," Nemaizer v. Baker,
793 F.2d 58, 61 (2d Cir. 1986), and therefore granting relief
from a final order pursuant to Rule 60(b) is "generally not
favored and is properly granted only upon a showing of
exceptional circumstances."  U.S. v. Int'l Bhd. Of Teamsters,
247 F.3d 370, 391 (2d Cir. 2001).

**The Bankruptcy Court Correctly Held That IDOR's Rule 60(b)
Motion Was Untimely**

        As explained by the Second Circuit,

> Rule 60(b) lists six grounds for
> "reliev[ing]" a party from a final judgment:
> (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered
> evidence which by due diligence could not
> have been discovered in time to move for a
> new trial under Rule 59(b); (3) fraud
> (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other
> misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been
> satisfied, released, or discharged, or a
> prior judgment on which it is based has been
> reversed or otherwise vacated, or it is no
> longer equitable that the judgment should
> have prospective application; or (6) any
> other reason justifying relief from the
> operation of the judgment.

Beller & Keller v. Tyler, 120 F.3d 21, 23 (2d Cir. 1997).


The statutory deadline for filing a motion for relief pursuant to Rule 60(b) is dependent upon the substantive basis for the motion.  If the motion is made for reasons (1), (2) or (3) enumerated above, it must be filed no later than one year after the entry of the judgment or order or the date of the proceeding from which relief is sought, whereas if the motion is made for reasons (4), (5) or (6), it must simply be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1) ("Rule 60(c)(1)").

9

In filing its Rule 60(b) Motion seeking relief from the Bar Date Order, IDOR characterized the motion as seeking relief under Rule 60(b)(4) ("(b)(4)"), on the grounds that the Bar Date Order was void since it was contrary to 28 U.S.C. § 960 ("§960") and 11 U.S.C. § 503 ("§503"), which according to IDOR, operated to preclude the imposition of administrative bar dates upon taxing agencies. See Bankr. Dkt. 1228. However, the Bankruptcy Court rejected that characterization, and instead held that IDOR's Rule 60(b) Motion could only be considered as seeking relief pursuant to Rule 60(b)(1) ("(b)(1)"), because IDOR's argument that the Bar Date Order was contrary to statutory law raised an issue of legal error by the Bankruptcy Court. 7/17 Tr. at 29. The Bankruptcy Court therefore held that a one-year statute of limitations applied to IDOR's motion, and that the motion was therefore untimely since it was filed more than one year after the entry of the Bar Date Order. Id.

IDOR has contended that the Bankruptcy Court erred in holding that its Rule 60(b) Motion was brought under section (b)(1) rather than section (b)(4). According to IDOR, its Rule 60(b) Motion should have been properly characterized as seeking relief on the basis of voidness because it was undisputed that IDOR did not receive notice of the Bar Date Motion, and this constituted a denial of due process that had the effect of

10

rendering the Bar Date Order "void" for Rule 60(b) purposes.
Illinois Department of Revenue's Opening Brief ("IDOR Br.") at
12.

    While it is correct in that a bankruptcy court's
judgment is considered "void" for Rule 60(b) purposes when
premised upon a due process violation, United Student Aid Funds,
Inc. v. Espinosa, 559 U.S. 260, 271 (2010), no due process
violation occurred here.  Although IDOR did not receive notice
of the Bar Date Motion, it is undisputed that (i) IDOR did
receive notice of the Bar Date Order the day after its entry,
which was thirty-six days prior to the imposition of the Bar
Date, Bankr. Dkt. 1030, 1034; and (ii) IDOR did not appeal the
Bar Date Order until it filed its Rule 60(b) Motion more than
fifteen months after the Bar Date Order's entry, Bankr. Dkt.
1228.

    The Supreme Court has held that if a party receives
notice of a bankruptcy court's judgment "before the time for
appeal expires, that party has been afforded a full and fair
opportunity to litigate, and the party's failure to avail itself
of that opportunity will not justify Rule 60(b)(4) relief."
Espinosa, 559 U.S. at 276.  Here, IDOR received notice of the
Bar Date Order the day after it was entered and thus was

afforded ample time within which to appeal, and yet it not only failed to appeal prior to the actual Bar Date, but also waited until more than fifteen months had passed after the entry of the Bar Date Order to do so.  As noted by the Supreme Court in Espinosa, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights," 559 U.S. at 275, which is precisely what IDOR is guilty of having done in the instant case.[3]

Since the Bankruptcy Court's issuance of the Bar Date Order did not constitute a denial of IDOR's right to due to process, the Bankruptcy Court was correct in construing IDOR's Rule 60(b) Motion as a motion pursuant to section (b)(1) that was premised upon an argument of legal error (rather than voidness).  Accordingly, a one-year statute of limitation was applicable to IDOR's Rule 60(b) Motion, and the Bankruptcy Court correctly denied IDOR's motion - brought 15 months after the Bar Date Order - as untimely.[4]

_____

[3] It is worth noting that IDOR has not offered any explanation for its 15-month delay in appealing the Bar Date Order.

[4] Since the Bankruptcy Court's denial of IDOR's Rule 60 Motion was correct, its denial of IDOR's Rule 59 Motion as moot was appropriate as well.

12

## Conclusion

Based on the conclusions set forth above, the
Dismissal Order and August 6 Order are affirmed, and the appeal
is dismissed.

New York, NY
September  /3 , 2013

ROBERT W. SWEET
U.S.D.J.

13